FILED ENTERED
LODGED RECEIVED

AUG 2 1 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
CY                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. WMN-10-0726 |
| | * | Civil Action No. WMN-16-1599 |
| BRIAN LOUIS CLARK | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On May 17, 2017, the Court dismissed Petitioner Brian Louis Clark's amended petition under 28 U.S.C. § 2255 on the ground that it was time barred under § 2255(f). ECF No. 30. Petitioner has filed a "Motion to Alter Amend Judgment," arguing that the Court committed clear error of law by not "afford[ing] a Pro se litigant an opportunity to respond to 'timeliness' before 'sua sponte' dismissing the case." ECF No. 32 at 2. In support of this argument, Defendant cites the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701, 706-08 (4th Cir. 2002). The Fourth Circuit did hold in Hill that, when justice requires it, a district court must warn a pro se petitioner that his case is subject to dismissal before dismissing a habeas petition as untimely filed. Such warning, however, is not necessary in this case as Petitioner was well aware of the timeliness issue when he filed his amended petition.

Petitioner's original petition under § 2255 was filed on his behalf by the Office of the Federal Public Defender (OFPD). ECF No. 24. Believing that Petitioner would be entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the OFPD filed the petition on May 20, 2016. The petition specifically noted that the petition is "timely under 28 U.S.C. § 2255(f)(3) because [Petitioner] filed it well within one year of the Supreme Court's decision in Johnson." Id. at 2. After the Supreme Court issued its opinion in Beckles v. United States, 137 S. Ct. 886 (2017), which clarified that the holding in Johnson would not extend to sentences such as Petitioner's, OFPD informed Petitioner that it would no longer be able to represent him and recommended that he withdraw his § 2255 petition.

Instead of following that advice, Petitioner filed a "Motion to Proceed Pro Se and Preserve and Amend Pending 2255 under Mathis." ECF No. 25. The Court understood that Petitioner was referencing Mathis v. United States, 136 S. Ct. 2243 (2016), and explained in a letter to Petitioner that "the Supreme Court stated clearly in Mathis that it was not setting out any newly recognized right and, thus, this decision would not permit you to avoid 28 U.S.C. § 2255(f)'s one year limitations period for bringing a motion under § 2255." ECF No. 26 at 2. In light of the apparent futility of any amendment,

2

the Court reserved ruling on the motion to amend and granted Petitioner 20 days to either withdraw his Petition or to amend it, setting out the basis for his requested relief. Petitioner filed his amended motion within that 20 day period. In that Amended Petition, Petitioner specifically argued that his petition was "not time-barred." ECF No. 27 at 4.

Under these circumstances, it was clearly unnecessary to warn Petitioner that his case was potentially subject to dismissal on the ground of untimeliness. Petitioner was well aware of the time restrictions of § 2255(f) as his counsel argued timeliness in the original petition and Petitioner claimed timeliness in his amended petition. See Cureton v. United States, No. 303CR134-MU, 2007 WL 1651437, at *1 (W.D.N.C. June 2, 2007) (after noting that under the Fourth Circuit's decision in Hill, a court must warn a petitioner that his case is subject to dismissal before dismissing it as untimely filed "when justice requires it," dismissing the petition where the petitioner was clearly aware of the § 2255 limitations period); Galindo-Xochihua v. United States, No. 2:05-CR-0003-MR-DLH, 2014 WL 2611358, at *2 (W.D.N.C. June 11, 2014) (same).

Accordingly, it is this 21st day of August, 2017, by the United States District Court for the District of Maryland, ORDERED:

3

(1) That Petitioner's Motion to Alter Amend Judgment, ECF No. 32, is DENIED; and

(2) That the Clerk of the Court shall mail or transmit a copy of this Memorandum and Order to Petitioner and all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge